IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CATHLENE A. CUTTER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | ) Cause No. 4:18-CV-137 |
| | ) |
| RIPLEY CROSSING MANAGEMENT | ) |
| INC., d/b/a RIPLEY CROSSING, | ) |
| | ) |
|     Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Cathlene A. Cutter, by counsel, brings this Complaint against her former employer, Ripley Crossing Management Inc., d/b/a Ripley Crossing, for wage and overtime compensation and other relief under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and under Indiana law, and in support states as follows:

**PARTIES, VENUE AND JURISDICTION**

1.    Plaintiff Cathlene A. Cutter ("Mrs. Cutter) is a citizen and resident of Milan, Indiana, and was an employee of Ripley Crossing Management Inc. (hereinafter "Ripley Crossing").

2.    Defendant Ripley Crossing is an Indiana for-profit corporation authorized to do and doing business in Ripley County, Indiana, with its principal place of business located at 1200 Witlatch Way, Milan, Indiana 47031.

3.    This Court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiffs bring this action under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201 *et seq.,* to recover straight time and overtime wages, back pay, additional equal amounts as liquidated damages,

pre-judgment and post judgment interest, costs and expenses, and reasonable attorneys' fees. This Court has supplemental jurisdiction over Mrs. Cutter's claims arising under state law.

4. Venue is proper pursuant to 28 U.S.C. § 1391 in that Ripley Crossing is subject to personal jurisdiction in the Southern District of Indiana, Ripley Crossing regularly conducts business activities within the Southern District of Indiana, and the events giving rise to the claims occurred in the Southern District of Indiana.

5. At all relevant times herein, Ripley Crossing was and is an enterprise engaged in commerce pursuant to the FLSA. It directed and controlled the terms, conditions, activities, duties, and responsibilities of Mrs. Cutter's employment, and hence was her employer under the FLSA and Indiana law.

## FACTUAL ALLEGATIONS

6. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

7. From early 2015 through late 2017, Mrs. Cutter was employed by Ripley Crossing in the position of Scheduling Coordinator.  She also occasionally performed services as an LPN for Ripley Crossing.

8. Mrs. Cutter was a non-exempt employee pursuant to the FLSA and Ripley Crossing purported to pay her on an hourly basis.

9. As a Scheduling Coordinator, Mrs. Cutter was required to punch a time clock when starting or leaving work on days when she worked on the employer's premises.

10. When calculating pay due to employees, Ripley Crossing's management reduced employees' time worked in a deliberate and outrageous falsification of time records.

11. This resulted in Mrs. Cutter not being paid for all hours worked.

12. Mrs. Cutter was also on-call when not on the employer's premises from the time she left each day on Monday through Thursday until the time she returned to the employer's premises the following morning.

13. Mrs. Cutter was required to engage in work for Ripley Crossing when on-call, including answering the phone and responding to text messages. Mrs. Cutter was paid nothing for working during her on-call time.

## COUNT I
## FLSA VIOLATIONS

14. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

15. Pursuant to 29 U.S.C. §206 and §207 of the FLSA, Ripley Crossing was required to pay Mrs. Cutter at her regular hourly rate for all hours worked, and not less than one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours per week.

16. Ripley Crossing failed to pay Mrs. Cutter for her on-call time worked, and also failed to pay her for all hours worked on the employer's premises.

17. Ripley Crossing, knowingly, intentionally, and in bad faith, failed to pay to Mrs. Cutter regular straight-time compensation and overtime compensation in violation of the FLSA, including 29 U.S.C. §206 and §207.

18. Pursuant to 29 U.S.C. §216, Mrs. Cutter is entitled to recover her unpaid straight-time and overtime compensation, additional equal amounts as liquidated damages, pre-judgment and post-judgment interest, all costs of these proceedings, and attorneys' fees.

## COUNT II
## INDIANA WAGE PAYMENT STATUTE –

19. Plaintiff incorporates by reference all other paragraphs of this Complaint as

if fully set forth here.

20. Mrs. Cutter resigned her employment with Ripley Crossing.

21. Ripley Crossing is an employer subject to the Indiana Wage Payment Statute in that it employed Mrs. Cutter in Indiana, pursuant to Ind. Code §22-2-5-1.

22. Ripley Crossing is required to pay Mrs. Cutter for all wages earned pursuant to Ind. Code § 22-2-5- 1.

23. Ripley Crossing knowingly, intentionally, and in bad faith, failed to pay Mrs. Cutter for all wages earned, including but not limited to straight time and overtime hours worked, within ten (10) business days of the dates they were earned, and/or within ten (10) business days of the date of her resignation.

24. Mrs. Cutter has been damaged by Ripley Crossing's violations of the Indiana Wage Payment Statute and is entitled to payment of all accrued and unpaid compensation, as well as liquidated damages, attorney fees, and expenses, pursuant to Ind. Code §22-2-5-2.

### RELIEF REQUESTED

Mrs. Cutter requests the following relief:

(a) the full amount of her unpaid and/or underpaid overtime wrongfully withheld from payment in violation of § 207(a), and equal amounts as liquidated damages;

(b) all wages owed under the Indiana Wage Payment Statute, including but not limited to wages earned, overtime compensation, and double amounts as liquidated damages;

(c) costs, expenses, and attorneys' fees; and

  (d)  all other damages to which she may be entitled to in the premises.

## JURY DEMAND

Plaintiff demands trial by jury as to all issues.

           Respectfully submitted,

           /s/ Daniel Lapointe Kent
           Daniel Lapointe Kent #27197-49

           /s/ Mary Jane Lapointe
           Mary Jane Lapointe #13706-53

           Attorneys for Plaintiff

           Lapointe Law Firm, P.C.
           8465 Keystone Crossing
           Suite 150
           Indianapolis, IN 46240
           Phone: (317) 829-5870
           Email: maryj@lapointelawfirm.com
               dkent@lapointelawfirm.com