## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

In exchange for the mutual promises contained in this Confidential Settlement Agreement and Release ("Agreement") and to avoid the cost and expenses of further pursuit of claims, Cathlene A. Cutter ("Cutter") and Ripley Crossing Management, Inc. ("Ripley") agree to the following:

A. WHEREAS, Cutter was formerly employed by Ripley;

B. WHEREAS, Cutter filed a lawsuit against Ripley in the U.S. District Court for the Southern District of Indiana captioned as *Cathlene A. Cutter v. Ripley Crossing Management, Inc. d/b/a Ripley Crossing*, Case No. 4:18-cv-00137-RLY-DML (the "Lawsuit"), in which Cutter asserted claims under the Fair Labor Standards Act ("FLSA") and Indiana state law;

C. WHEREAS, Cutter and Ripley wish amicably to resolve the Lawsuit and to fully and finally resolve any disputes between them;

NOW, THEREFORE, the parties agree as follows:

1. Release and Waiver of Claims. To the fullest extent permitted by law, Cutter releases and waives any and all claims (including personal claims and claims for interest, attorneys' fees and costs) that exist as of the date Cutter executes this Agreement, whether known or unknown, that have been or could be asserted by Cutter against Ripley, any of its affiliated entities, and any of its or their current and former directors, officers, managers, supervisors, representatives, agents, shareholders, members, insurers, fiduciaries, attorneys and/or employees in both their individual and representative capacities (collectively, the "Releasees"). This release and waiver includes, but is not limited to, claims (a) under contract or tort law, (b) under any federal, state or local statute or ordinance, including but not limited to, the FLSA and the Indiana Wage Payment Statute, Ind. Code § 22-2-5, and (c) for any acts or omissions occurring prior to the date Cutter executes this Agreement, including, but not limited to, those arising out of or connected with Cutter's employment or separation from employment with Ripley. This release and waiver specifically includes, but is not limited to, any claims or allegations that were, or could have been, made by Cutter in the Lawsuit. However, the parties agree that nothing in this Agreement shall be construed to constitute a release and waiver of future claims arising after the execution of this Agreement, nor to prohibit Cutter from filing or participating in the investigation of a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") or its state or local counterpart agency. Cutter is releasing and waiving Cutter's right to file a court action based on any such Charge.

Nothing in this release and waiver shall be construed to release and waive the right to challenge the validity of this release under the ADEA, no to release and waive any obligations created by this Agreement. This release and waiver does not include any claims that cannot by law be released through this Agreement, but the parties intend that it be construed as broadly as lawfully possible.

2. Dismissal of Lawsuit. Cutter agrees to dismiss the Lawsuit referenced in Recital B. above, with prejudice, and shall promptly cause her legal counsel to execute and

US.121197131.01

provide to counsel for Ripley a signed joint motion for approval of settlement agreement and dismissal with prejudice of the Lawsuit.

3. Payments. In consideration of this Agreement, Ripley agrees to pay to or on behalf of Cutter the gross amount of Eight Thousand Dollars ($8,000.00) for the full and complete release and waiver of all claims set forth above in Paragraph 1 above and for the other promises and commitments made in this Agreement. Payment shall be by three checks, as follows:

   a. The first check will be made payable to Cutter in the amount of Two Thousand Four Hundred Dollars ($2,400.00), less all applicable tax withholdings, representing alleged lost wages;

   b. The second check will be made payable to Cutter in the amount of Two Thousand Four Hundred Dollars ($2,400.00), representing alleged liquidated damages;

   c. The third check will be made payable to the Lapointe Law Firm, P.C., in the amount of Three Thousand Two Hundred Dollars ($3,200.00), for attorney's fees and costs.

Cutter and her counsel will provide completed Forms W-9 and any other information or documentation necessary for Ripley to process these payments. The checks will be delivered to counsel for Cutter no later than fifteen (15) business after the latest of: (i) the date on which counsel for Ripley has received a copy of this Agreement executed by Cutter and her counsel; (ii) the date of which counsel for Ripley has received from Cutter and her counsel completed W-9 forms or other documentation necessary to process the payments under this Paragraph; (iii) the Effective Date of this Agreement, as defined below; and (iv) date on which the Court approves this Agreement.

4. Taxation of Payments. Ripley will report the settlement payment in Paragraph 3(a) on Form W-2. Ripley will report the settlement payments in Paragraph 3(b) and (c) on Forms 1099. Cutter agrees that she will pay any taxes she may owe because of the payments under this Agreement and agrees to hold the Releasees harmless for any tax liability, penalties, interest, and attorneys' fees arising out of Cutter's own failure to pay any taxes due on these amounts.

5. Court Approval. The Parties agree jointly to move the Court in the Lawsuit for approval of this Agreement, and that a denial of such motion by the Court will render this Agreement in its entirety null and void and Cutter shall not be entitled to any payments under this Agreement.

6. Confidentiality. Other than as set forth in Paragraph 5, Cutter agrees and covenants to keep completely confidential and not to disclose or cause to be disclosed, directly or indirectly, the existence, terms, conditions or other provisions of the settlement between the parties or of this Agreement to any third party, except that Cutter may disclose the terms of this Agreement to her spouse (if any), legal counsel, accountants, tax preparers, to the EEOC or its state or local counterpart agency, or as required by law. Should Cutter of one of these other

persons or entities (excluding any governmental agency) reveal the existence or terms of this Agreement in violation of this Paragraph, then Ripley shall be entitled to recover from Cutter One Thousand Dollars ($1,000.00) per each such breach, plus its reasonable attorney fees should it prevail in an action against Cutter for such breach. It shall not be a violation of this paragraph for Cutter to state that any dispute between her and Ripley "has been resolved."

7. No Rehire/Re-application. Cutter waives any right to reinstatement to employment with Ripley and agrees that she will not seek, nor will she accept, employment with Ripley or any of its affiliates in the future.

8. Non-Admission. This Agreement was made in compromise of vigorously disputed claims and the payments and agreements made are not an admission by any party of liability, violation of law, or the commission of any wrongful act. The parties specifically deny any liability, any violation of federal, state, or local law, or that they have committed any wrongful act.

9. Binding Nature. Each party signing below represents and warrants that they have the authority and authorization to execute this Agreement on behalf of the party for whom they purport to sign. This Agreement is binding upon Cutter and Cutter's heirs, administrators, representatives, and executors, upon Ripley and its representatives and successors. The language of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against the drafter, and in accordance with the laws of the State of Indiana.

10. Entire Agreement and Severability of Provisions. This document sets forth the entire agreement between Cutter and Ripley concerning the subject matter of this Agreement. It supersedes any and all prior agreements or understandings between them, written or oral, pertaining to the subject matter of this document. Cutter acknowledges that in executing this Agreement, Cutter is not relying upon any representation or statement made by Ripley or by any of its representatives or attorneys, other than those that are specifically stated in this Agreement. Should any provision of this Agreement be found unenforceable or invalid for any reason, that fact shall not affect the enforceability or validity of its remaining provisions.

11. Acknowledgements. Cutter acknowledges that Ripley (a) provided Cutter with this Agreement on December 18, 2018; (b) advised Cutter at that time to consult with an attorney prior to signing the Agreement; (c) at that time informed Cutter that she could have twenty-one (21) days to accept this offer by signing this Agreement; and (d) advised Cutter that this Agreement will not be effective or enforceable against Cutter or Ripley if Cutter revokes it by written notice to counsel for Ripley not later than seven (7) days after Cutter signs it. If not revoked, the Agreement will become binding and enforceable on the eighth day following Cutter's signing of this Agreement (the "Effective Date")

12. Counterparts. This Agreement may be executed in counterparts, which taken together shall constitute but one Agreement.

|  | RIPLEY CROSSING MANAGEMENT, INC. |
|---|---|
| *Cathlene A. Cutter* (signature) | By: *John Race* (signature) |
| Cathlene A. Cutter | Printed: John Race |
| Date: 12/21/18 | Title: Treasurer |
|  | Date: December 27, 2018 |

Approved as to form:

LAPOINTE LAW FIRM, P.C.

By: *Mary Jane Lapointe* (signature)
Mary Jane Lapointe
8465 Keystone Crossing, Suite 150
Indianapolis, IN 46240
Phone: (317) 829-5870
Email: maryj@lapointelawfirm.com

*Attorneys for Cathlene A. Cutter*

FAEGRE BAKER DANIELS LLP

By: *Edward E. Hollis* (signature)
Edward E. Hollis
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Phone: (317) 237-1185
Email: edward.hollis@FaegreBD.com

*Attorneys for Ripley Crossing Management, Inc.*

US.121197131.01